IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.C., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:20-cv-4445-JPB |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| AND GEORGIA COLLEGE AND STATE | ) | |
| UNIVERSITY; et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANT BOARD OF REGENTS' BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Board of Regents of the University System of Georgia submits this brief in support of its motion for judgment on the pleadings or, in the alternative, for summary judgment concerning what remains of Plaintiff's Title IX claim following the Court's ruling on Defendants' initial motion for summary judgment. (Doc. 59). Having been permitted to file a second dispositive motion addressing the Supreme Court's intervening ruling in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022), Defendant shows the Court as follows:

1

A. **Defendant is entitled to judgment on the pleadings**.

Motions under Rule 12(b)(6) and Rule 12(c) are decided by answering the same question: did the complaint state a claim. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). The Court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Kyle K. v. Chapman*, 208 F.3d 940, 942 (11th Cir. 2000). The court is to consider the factual averments to determine if they plausibly suggest an entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). In light of the Supreme Court's ruling in *Cummings*, 142 S.Ct. 1562 (2022), Plaintiff fails to do so here concerning her Title IX claim.

In *Cummings*, the Court addressed the availability of emotional distress damages in claims arising under four Spending Clause statutes, including Title IX—the basis for Plaintiff's Claim A here. (Doc. 1, ¶¶ 64-103). The Court previously had determined that:

> A federal funding recipient may be considered "on notice that it is subject not only to those remedies explicitly provided in the relevant legislation, but also to those remedies traditionally available in suits for breach of contract." *Ibid*. We identified two such remedies: compensatory damages and injunctions.

2

142 S.Ct. at 1571 (*quoting Barnes v. Gorman*, 536 U.S. 181, (2002)).[1] Applying this analysis to the matter of emotional distress damages, the Court concluded that they were not available under these Spending Clause statutes. 142 S.Ct. at 1572, 1576. Accordingly, the Court affirmed the dismissal of a Rehabilitation Act case where the only relief sought was for "emotional harm." 142 S.Ct. at 1569, 1576.

Plaintiff's Title IX claim effectively seeks relief only for emotional harm. Her complaint alleges that as "[a]s a result of GCSU's failure to follow and implement its Title IX policies, Plaintiff has experienced severe depression and anxiety." (Doc. 1, ¶ 57; *see also id.* ¶ 100 ("J.C. no longer feels safe at GCSU and, as such, she was forced to put her education on hold"). Plaintiff says that she has "receive[d] counseling and other related services" resulting from the rape and from her dealings with university officials. (*Id.*, ¶ 102).

To be sure, Plaintiff also asserts that she was "forced" to withdraw from school and then moved out of her apartment in August 2019 thought it had been prepaid through December. (*Id.*, ¶¶ 58-59; *see also id.*, ¶ 101). And her counseling probably cost money. (*Id.*, ¶ 102). But these are simply the quantifiable aspects of the specified emotional injuries. The fact that these damages might be more easily calculated does not make them the "remedies

---

[1] *Barnes* ruled that punitive damages are not available under these Spending Clause statutes. 536 U.S. at 189.

traditionally available in suits for breach of contract" to which the Supreme Court limited Title IX recoveries. *Cummings*, 142 S.Ct. at 1571; *see also Doe v. City of Pawtucket*, 2022 U.S. Dist. LEXIS 179574, 2022 WL 4551953 (D. R.I. Sept. 29, 2022) (drawing post-*Cummings* distinction between treatment for physical and emotional injuries).

In *Cummings*, the Supreme Court affirmed the dismissal of the action for failure to state a claim. *Id.* at 1569, 1576. This Court should similarly dismiss this action.

**B.      Defendant is entitled to summary judgment**.

The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed.R.Civ.P. 56(c)*. If the non-moving party bears the ultimate burden of proof regarding the claim at issue in the motion, that party, in response to the motion, must go beyond the pleadings and establish, through competent evidence, that there truly is a genuine, material issue to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

"Summary judgment is designed to weed out those cases . . . so clearly lacking in merit that the full trial process need not be activated to resolve them." -*Holley v. Northrop Worldwide Aircraft Services, Inc.*, 835 F.2d 1375,

1377 (11th Cir. 1988). "[I]t was intended as a device to diminish the effort, time, and costs associated with unnecessary trial." *Id.* A trial is not necessary in this case.

Even if Plaintiff initially *stated* a Title IX claim, she cannot prove one. The portions of her complaint that come closest to describing non-emotional harm did not stand up to the scrutiny of discovery.

Plaintiff alleged that she was "forced" to withdraw from school (Doc. 1, ¶¶ 58-59). But she completed the Spring 2019 semester at GCSU and then did not qualify for the nursing program that she wanted to be a part of. (SMF, ¶¶ 1, 3-5). She asserted that she "was forced to put her education on hold." (Doc. 1, ¶ 100). But, in fact, she has continued her nursing education at other institutions. (SMF, ¶ 7). She stated that she moved out of her Milledgeville apartment in August 2019 thought it had been prepaid through December. (Doc. 1,¶¶ 58-59, 101). But she actually lived in her apartment though the end of her lease. (SMF, ¶ 6).

What we are left with is Plaintiff's "whole frustration with Georgia College." (Doc. 38-1 at 81). And that is not compensable under Title IX. *Cummings*, 142 S.Ct. at 1576; *see also Doe v. City of Pawtucket*, 2022 U.S. Dist. LEXIS 179574, 2022 WL 4551953 (D. R.I. Sept. 29, 2022); *Bonnewitz v. Baylor Univ.*, 2022 U.S. Dist. LEXIS 122572, *9-12, 2022 WL 2688399 (W.D. Tex. July 12, 2022).

## CONCLUSION

For the foregoing reasons, Defendant submits that its dispositive motion should be granted.

Respectfully submitted this 11th day of October, 2022.

|  |  |
|---|---|
|  | CHRISTOPHER M. CARR     112505 |
|  | Attorney General |
| PLEASE ADDRESS ALL |  |
| COMMUNICATIONS TO: | LORETTA L. PINKSTON-POPE     580385 |
|  | Deputy Attorney General |
|  |  |
| Laura L. Lones | SUSAN E. TEASTER     701415 |
| 40 Capitol Square, S.W. | Senior Assistant Attorney General |
| Atlanta, Georgia 30334 |  |
| Tel: (470) 355-2765 | */s/ Laura L. Lones* |
| Fax: (404) 651-5304 | LAURA L. LONES     456778 |
| Email: llones@law.ga.gov | Senior Assistant Attorney General |

Attorneys for Defendants

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.D

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C.  The brief is prepared in 13 point Century Schoolbook font.

                                          /s/ *Laura L. Lones*
                                          Laura L. Lones

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send email notification and a copy of such filing to counsel of record:

Megan Murren Riddle
M. Chase Cullen

This 11th day of October, 2022.

/s/ *Laura L. Lones*
Laura L. Lones