IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J.C., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:20-cv-4445-JPB |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA | ) | |
| AND GEORGIA COLLEGE AND STATE | ) | |
| UNIVERSITY; et al., | ) | |
| | ) | |
|     Defendants. | ) | |

**<u>DEFENDANT'S STATEMENT OF MATERIAL FACTS</u>**

Defendant Board of Regents of the University System of Georgia submits this statement of material facts in support of her dispositive motion, submitted herewith:

1

**The facts for purposes of this motion**[1]

In addition to the evidence and facts previously submitted, the uncontroverted evidence, Plaintiff's version of the facts,[2] and the controverted evidence viewed in the light most favorable to Plaintiff show that:

1. Plaintiff completed the Spring 2019 semester at Georgia College and State University (GCSU).  (Doc. 38-1 at 21).

2. Plaintiff did not enroll at GCSU after the Spring 2019 semester.  (Doc. 38-1 at 21).

3. Plaintiff wanted to study nursing at GCSU.  (Doc. 38-1 at 21, 27).

4. GCSU's nursing program is highly competitive, requiring high grades for admission.  (Doc. 38-1 at 26-27; http://gcsu.smartcatalogiq.com/en/2022-2023/Undergraduate-Catalog/Colleges-and-Majors/College-of-Health-Sciences/Nursing/Nursing-BSN ).

---

[1] Defendant does not necessarily concede that all of these facts accurately describe what occurred, but it submits that these are the operative facts for purposes of summary judgment.  "[T]he 'facts,' as accepted for purposes of summary judgment, may not be the actual facts of the case…."  *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013).

[2] *See Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005) (*en banc*) ("when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's *version*.  Our duty to read the record in the nonmovant's favor stops short of not crediting the nonmovant's testimony in whole or part: the courts owe a nonmovant no duty to disbelieve his sworn testimony which he chooses to submit for use in the case to be decided") (emphasis in original).

5. Plaintiff did not qualify for admission to GCSU's nursing program. (Doc. 38-1 at 27).

6. Plaintiff remained in her apartment in Milledgeville though the end of her lease in December 2019. (Doc. 38-1 at 20).

7. Plaintiff is continuing to pursue a degree in nursing, just not at GCSU. (Doc. 38-1 at 18-19, 29).

Respectfully submitted this 11th day of October, 2022.

                         CHRISTOPHER M. CARR    112505
                         Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:     LORETTA L. PINKSTON-POPE    580385
                         Deputy Attorney General

Laura L. Lones                SUSAN E. TEASTER    701415
40 Capitol Square, S.W.      Senior Assistant Attorney General
Atlanta, Georgia 30334
Tel: (470) 355-2765           */s/ Laura L. Lones*
Fax: (404) 651-5304           LAURA L. LONES    456778
Email: llones@law.ga.gov   Senior Assistant Attorney General

                         Attorneys for Defendants

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1.D

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C.  The brief is prepared in 13 point Century Schoolbook font.

                                        /s/ *Laura L. Lones*
                                        Laura L. Lones

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send email notification and a copy of such filing to counsel of record:

Megan Murren Riddle
M. Chase Cullen


This 11th day of October, 2022.

/s/ *Laura L. Lones*
Laura L. Lones